1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PATIENCE TUCKER,                          ) Case No. 2:12-cv-00766-APG-CWH
                                          )
                   Plaintiff,             )
                                          ) **FINDINGS AND RECOMMENDATION**
vs.                                       )
                                          )
CAROLYN W. COLVIN, ACTING                 )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
                   Defendant.             )
                                          )

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Patience Tucker's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act.  42 U.S.C. Ch. 7.  Before the Court is Plaintiff's Motion for Reversal/Remand (#24)[1], filed on June 14, 2013, and the Commissioner's Opposition (#25), filed on July 10, 2013.  This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

## BACKGROUND

### I.    Procedural History

On June 29, 2009, Plaintiff protectively filed an application for a period of disability and disability insurance benefits alleging she became disabled on June 25, 2009.  (A.R. 117-20, 125-128).[2]  Her claim was denied initially on September 29, 2009 and upon reconsideration on February 10, 2010.  (A.R. 52-57, 62-64).  On May 18, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge ("ALJ") Michael B. Kennett.  (A.R. 34-51).  On June 13,

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter.  *See* Notice of Manual Filing (#12).

1   2011, the ALJ issued an unfavorable decision finding the Plaintiff has not been under a disability, as

2   defined in the Social Security Act, from June 25, 2009 through the date last insured, September 30,

3   2010.  (A.R. 19-30).  The ALJ's decision became the final decision of the Commissioner when the

4   Appeals Council denied Plaintiff's request for review on March 5, 2012.  (A.R. 9-14).  On May 8,

5   2012, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See*

6   Motion/Application for Leave to Proceed *in forma pauperis* (#1).

7        **II.**    **The ALJ Decision**

8          The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §

9   404.1520 and issued an unfavorable decision on June 13, 2011.  (A.R. 19-30).  At step one, the ALJ

10  found that Plaintiff met the insured status requirements of the Social Security Act through September

11  30, 2010 and has not engaged in substantial gainful activity ("SGA") from June 25, 2009, the alleged

12  onset date, through the date last insured ("DLI").  (A.R. 24, Findings 1-2).  At step two, the ALJ

13  found that Plaintiff has the following severe impairments through the DLI: degenerative disc disease

14  of the cervical spine, asthma, and slight obesity.  (A.R. 24, Finding 3).  At step three, the ALJ found

15  that, through the DLI, Plaintiff did not have an impairment or combination of impairments that meet

16  or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and

17  more specifically, Listings 1.04, 3.03, and Social Security Regulation 02-1p regarding obesity.  (A.R.

18  24-25, Finding 4).

19         The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") for a

20  reduced range of light work in which she avoids concentrated exposure to fumes, odors, dusts, gases,

21  and poor ventilation due to her asthma.  (A.R. 25, Finding 5).  At step four, the ALJ found Plaintiff

22  capable of performing her past relevant work ("PRW") as a clerk/general, including office clerk, as it

23  was actually performed and as it is generally performed in the national economy.  (A.R. 30, Finding

24  6).  The ALJ made no alternative step five finding.  Based on all of these findings, the ALJ found

25  Plaintiff not disabled and denied her application for a period of disability and disability insurance

26  benefits.

27

28

## DISCUSSION

### I.    Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*  The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo. Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of*

3

1   *Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the issue before the

2   court is not whether the Commissioner could reasonably have reached a different conclusion, but

3   whether the final decision is supported by substantial evidence.

4        It is incumbent on the ALJ to make specific findings so that the court does not speculate as to

5   the basis of the findings when determining if the Commissioner's decision is supported by substantial

6   evidence.  Mere cursory findings of fact without explicit statements as to what portions of the

7   evidence were accepted or rejected are not sufficient.  *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th

8   Cir. 1981).  The ALJ's findings "should be as comprehensive and analytical as feasible, and where

9   appropriate, should include a statement of subordinate factual foundations on which the ultimate

10  factual conclusions are based."  *Id.*

11            **II.    Disability Evaluation Process**

12       The individual seeking disability benefits has the initial burden of proving disability.  *Roberts*

13  *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996).  To meet this burden,

14  the individual must demonstrate the "inability to engage in any substantial gainful activity by reason

15  of any medically determinable physical or mental impairment which can be expected . . . to last for a

16  continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  More specifically, the

17  individual must provide "specific medical evidence" in support of her claim for disability.  20 C.F.R.

18  § 404.1514.  If the individual establishes an inability to perform her prior work, then the burden shifts

19  to the Commissioner to show that the individual can perform other substantial gainful work that

20  exists in the national economy.  *Batson*, 157 F.3d at 721.

21       The ALJ follows a five-step sequential evaluation process in determining whether an

22  individual is disabled.  *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140

23  (1987).  If at any step the ALJ determines that he can make a finding of disability or nondisability, a

24  determination will be made and no further evaluation is required.  *See* 20 C.F.R. § 404.1520(a)(4);

25  *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  The first step requires the ALJ to determine

26  whether the individual is currently engaging in SGA.  20 C.F.R. § 404.1520(b).  SGA is defined as

27  work activity that is both substantial and gainful; it involves doing significant physical or mental

28  activities usually for pay or profit.  20 C.F.R. § 404.1572(a)-(b).  If the individual is currently

1  engaging in SGA, then a finding of not disabled is made.  If the individual is not engaging in SGA,

2  then the analysis proceeds to the second step.

3      The second step addresses whether the individual has a medically determinable impairment

4  that is severe or a combination of impairments that significantly limits him from performing basic

5  work activities.  20 C.F.R. § 404.1520(c).  An impairment or combination of impairments is not

6  severe when medical and other evidence establish only a slight abnormality or a combination of slight

7  abnormalities that would have no more than a minimal effect on the individual's ability to work.  20

8  C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3]  If the

9  individual does not have a severe medically determinable impairment or combination of impairments,

10  then a finding of not disabled is made.  If the individual has a severe medically determinable

11  impairment or combination of impairments, then the analysis proceeds to the third step.

12      The third step requires the ALJ to determine whether the individual's impairments or

13  combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.

14  Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the

15  individual's impairment or combination of impairments meet or equal the criteria of a listing and

16  meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R.

17  § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal

18  the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

19      Before considering step four of the sequential evaluation process, the ALJ must first

20  determine the individual's RFC.  20 C.F.R. § 404.1520(e).  The RFC is a function-by-function

21  assessment of the individual's ability to do physical and mental work-related activities on a sustained

22  basis despite limitations from impairments.  *See* SSR 96-8p.  In making this finding, the ALJ must

23  consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can

24  reasonably be accepted as consistent with the objective medical evidence and other evidence.  20

25  C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the extent that statements about the intensity,

26

27      [3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations.

28  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

1   persistence, or functionally limiting effects of pain or other symptoms are not substantiated by

2   objective medical evidence, the ALJ must make a finding on the credibility of the individual's

3   statements based on a consideration of the entire case record.  The ALJ must also consider opinion

4   evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-

5   6p, and 06-3p.

6          The fourth step requires the ALJ to determine whether the individual has the RFC to perform

7   her PRW.  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually

8   performed it or as it is generally performed in the national economy within the last 15 years or 15

9   years prior to the date that disability must be established.  In addition, the work must have lasted long

10  enough for the individual to learn the job and performed at SGA.  20 C.F.R. § 404.1560(b) and

11  404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is

12  made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis

13  proceeds to the fifth and last step.

14         The fifth and final step requires the ALJ to determine whether the individual is able to do any

15  other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If

16  she is able to do other work, then a finding of not disabled is made.  Although the individual

17  generally continues to have the burden of proving disability at this step, a limited burden of going

18  forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for

19  providing evidence that demonstrates that other work exists in significant numbers in the national

20  economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

21         **III.   Analysis and Findings**

22         Plaintiff seeks reversal of the ALJ's decision for one reason.  She contends that the step four

23  finding that she can perform her PRW as a clerk/general, including office clerk, is not supported by

24  substantial evidence.  Plaintiff argues that she did not perform those jobs  as SGA and, therefore, they

25  do not qualify as PRW.  In response, the Commissioner contends that step four finding is supported

26  by substantial evidence and Plaintiff performed the jobs at issue as SGA.

27         **A.   Step Four Finding**

28         Plaintiff contends that neither the clerical job she performed from 1976 to 2003 nor the

1   housing clerk job she performed from August 2005 to August 2006 were performed as SGA.  She
2   claims that averaging her earnings over each year from 1994 through 2006 results in no year with
3   earning at the SGA level required by the Social Security Administration.  As a result, Plaintiff claims
4   that the ALJ's reliance on the vocational expert's testimony and denial of her application at step four
5   constitutes legal error.  She argues that the ALJ should have continued to step five and found her
6   disabled as of her 55th birthday.  In response, the Commissioner contends that Plaintiff's
7   representative conceded at the hearing on May 18, 2011 that she performed the clerical jobs as SGA.
8   In addition, the Commissioner argues that earnings are to be averaged over the actual months worked
9   rather than 12 months of the calendar year.  Accordingly, the Commissioner claims that Plaintiff
10  performed the clerical jobs as SGA and the step four finding is supported by substantial evidence.

11          Step four of the sequential evaluation process requires the ALJ to engage in two inquires.
12  First, the ALJ must determine whether the individual has any work that constitute PRW.  To qualify
13  as PRW, three requirements must be satisfied.  First, the recency requirement, the individual must
14  have performed the work within the last 15 years or 15 years prior to the date that disability must be
15  established.  *See* 20 C.F.R. § 404.1565; *see also* SSR 82-62.  Second, the duration requirement, the
16  work must have lasted long enough for the individual to learn.  *Id.*  Third, the income requirement,
17  the work must have been performed as SGA.  *See* 20 C.F.R. § 404.1560(b).  After determining
18  whether the individual has any PRW, the ALJ must turn to the second inquiry in which he compares
19  the limitations in the RFC with the demands of the PRW as the individual described it and as it is
20  described in the Dictionary of Occupational Titles ("DOT").  *See* 20 C.F.R. § 404.1545; *see also* 20
21  C.F.R. § 404.1520; SSR 82-61.

22          Here, Plaintiff does not object to the results of the second inquiry in which the ALJ compared
23  Plaintiff's RFC with the clerical job and housing clerk job and found that she is able to perform them
24  as actually performed and generally performed in the national economy.  The vocational expert
25  testified that Plaintiff performed the clerical jobs at the sedentary exertional level and they are
26  classified at the light exertional level by the DOT.  Plaintiff argues the ALJ cannot rely on the
27  vocational expert's testimony because he told the vocational expert to assume that these jobs were
28  performed as SGA.  However, vocational expert testimony is helpful, but not required, at step four

1    because the burden remains on the plaintiff to prove that she cannot perform her past relevant work.

2    *See* SSR 00-4p; *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Therefore, the Court

3    finds that the results of the second inquiry are supported by substantial evidence.

4          Plaintiff objects to the results of the first inquiry and claims that neither job was performed as

5    SGA. After careful review of the A.R., the Court finds that all three requirements are satisfied to

6    qualify Plaintiff's clerical job and housing clerk job as PRW. The period at issue for the purpose of

7    determining disability benefits runs from Plaintiff's alleged onset date of June 29, 2009 until her DLI

8    of September 30, 2010. Accordingly, the ALJ must consider the work that Plaintiff performed from

9    October 1, 1995, which is 15 years prior to the DLI, up to her alleged onset date of June 29, 2009.

10   *See* POMs: DI 25001.001 Medical-Vocational Quick Reference Guide (B)(65); see also POMS DI

11   25005.015 Determination of Capacity for Past Work - Relevance Issues (B). The Court finds that the

12   clerical job and housing clerk job both satisfy this recency requirement and Plaintiff stated no

13   objection regarding this requirement. Additionally, both jobs were classified as semi-skilled by the

14   vocational expert, which typically corresponds to needing at least 1 month and up to 6 months to

15   learn. *See* POMs: DI 25001.001 Medical-Vocational Quick Reference Guide (B)(79). Given that

16   Plaintiff performed the clerical work over several jobs from 1995 through 2003 and the housing clerk

17   job for 1 year in 2005 to 2006, the Court finds that the duration requirement is satisfied. Further,

18   Plaintiff does not contend that these jobs were not performed long enough to learn. Therefore, the

19   only requirement that Plaintiff takes issue with is the SGA requirement.

20         For the housing clerk job, Plaintiff reported working 8 hours a day for five days a week, which

21   constitutes full-time work, from August 2005 to August 2006 and earning $7.60 per hour. (A.R.

22   131). Her earning record indicates earnings of $6,460.01 in 2005 and $8,329.60 in 2006. (A.R. 122).

23   These earnings exceed the SGA amount established in the Earnings Guidelines of $4,150 for 5

24   months in 2005 and $6,020 for 7 months in 2006. *See* POMs: DI 25001.001 Medical-Vocational

25   Quick Reference Guide (B)(84). Similarly, for the clerical job, Plaintiff reported working 8 hours a

26   day for five days a week, from January 2003 to June 2003 and earning $7 per hour. (A.R. 149

27   and154). Her earnings record indicates earnings of $5,633.32 for 2003. (A.R. 122). These earnings

28   exceed the SGA amount established by the Earnings Guidelines of $4,000 for 5 months in 2003.

Plaintiff's argument for why these jobs were not performed as SGA incorrectly cites to the Earnings Guidelines calculated based on a year of work activity.  *See* POMs: DI 10501.015 Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity; *see also* SSR 83-35. However, if a plaintiff has not worked for a full calendar year at a job, it is not appropriate to apply the yearly substantial gainful activity limit to her earnings, but rather, the ALJ must use the monthly chart.  *See* POMs: DI 25001.001 Medical-Vocational Quick Reference Guide (B)(84); *see also* POMS DI 25005.015 Determination of Capacity for Past Work - Relevance Issues (C).  Indeed, the appropriate method of determining whether work is SGA is to average earnings for the year over only the months worked rather than all 12 months of that year.  *See* SSR 85-5c (citing *Anderson v. Heckler*, 726 F.2d 455 (8th Cir. 1984) (distinguished by *Gaffney v. Chater*, 176 F.3d 482 (9th Cir. 1999 on other grounds)).  Additionally, Plaintiff failed to demonstrate that these jobs qualified for different treatment such as, seasonal work, sheltered conditions, and job performance, that would allow the ALJ to deviate and average earnings over the entire calendar year.  *See* SSR 83-35 ("Earnings are generally averaged over the actual period of time in which work was performed. . . When an individual works over a period of time during which the SGA level changes, [such as the start of a new calendar year,] earnings are not averaged over the entire period of work involved; rather, they are averaged over each period for which a different SGA level applies."); *see also* 20 C.F.R. § 404.1573 (outlining exceptions); SSR 83-33 (determining countable earnings).  Moreover, at the hearing, Plaintiff's representative conceded that the clerical job and housing clerk job were performed as SGA.  (A.R. 50-51).  Accordingly, Plaintiff failed to rebut the presumption that she engaged in SGA.  She also failed to demonstrate that her earnings should be averaged over a 12 month period rather than the months she worked.  The Court finds that both the clerical job and housing clerk job were performed as SGA and qualify as PRW.  Consequently, the ALJ's step four finding is supported by substantial evidence.

## IV.   Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence.  It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the

9

Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and does articulate sufficient rationale to satisfy the requisite legal standards. The Court finds that the step four finding is supported by substantial evidence.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#24) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#25) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 31th day of January, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**